# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JOEL SMITH, JR., CAROLYN SMITH, NORMAN JONES, IRENE JONES and CHRISTOPHER ROBINSON, on behalf of themselves and all others similarly situated, | : : : : : : : | |
| Plaintiffs, | : : | |
| v. | : : : | CIVIL ACTION NO. 1:09-CV-1200-RWS |
| ROBERT PRICE COPELAND, ROBERT P. COPELAND, P.C., JAMES STEPHEN QUAY, ROBERT PATRICK STEPHENS, JOHN E. REDFEARN, III, JEFFREY REED NESSETH, RONNIE L. LUNDY, JR., PERIMETER WEALTH MANAGEMENT GROUP, INC., PHYSICIANS PLANNING GROUP, LLC, JOHN BEASLEY, PROPERTY FINDERS ONLINE, INC., QA3 FINANCIAL, LLC and FIRST TRUST COMPANY OF ONAGA, | : : : : : : : : : : : : : : | |
| Defendants. | : | |

## **ORDER**

This case comes before the Court on Plaintiffs' Emergency Motion for

Preliminary Injunction [22]. Plaintiffs request that the Court enjoin Defendants

John E. Redfearn, III and Robert Patrick Stevens from liquidating real estate in Montana during the pendency of the above captioned litigation ("Montana Property"). The Court held a hearing on the Motion on June 11, 2009 and subsequently requested that the parties file briefs regarding issues raised at the hearing. (See Order dated June 11, 2009.) After a review of the pleadings, supplemental briefs, and the record, the Court enters the following Order.

**Discussion**

A. <u>Standard for Preliminary Injunction</u>

The first issue before the Court is the appropriate standard of analysis in reviewing Plaintiffs' Motion. Plaintiffs assert that the Georgia RICO Act prohibits persons from obtaining profits from a fraudulent scheme or racketeering activity. The Act further permits the courts to enjoin violations of such by ordering defendants to divest themselves of interests in any enterprise, real property, or personal property, and restricting the future activity and investment of such persons. O.C.G.A. §§ 16-14-6(a)(1)-(4), (b). Plaintiffs contend that under Georgia law, the Court may enjoin Defendants from transferring the Montana Property upon a showing that Plaintiffs will be in

2

"immediate danger of significant loss or damage." O.C.G.A. § 16-14-6(b). On the other hand, Defendants argue that the Court must apply the federal standard for preliminary injunctive relief and require that Plaintiffs establish: (1) a substantial likelihood of success on the merits of the underlying claim; (2) irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the public interest will not be harmed if the injunction should issue. Cate v. Oldham, 707 F.2d 1176, 1185 (11th Cir. 1983).

The Court finds that the choice of applicable law is outcome determinative and requires analysis under the Erie doctrine. The Eleventh Circuit has held that in determining the appropriateness of a preliminary injunction, the Federal Rule of Civil Procedure 65 should be applied to the exclusion of any contrary state procedure. Ferrero v. Assoc. Materials, Inc., 923 F.2d 1441, 1448 (11th Cir. 1991) (finding that Fed. R. Civ. P. 65 is both constitutional and within the scope of the rules' enabling act as required by the Supreme Court in Hanna v. Plumer, 380 U.S. 460, 85 S. Ct. 1136, 14 L. Ed. 2d. 8 (1965)). Accordingly, the Court finds that the federal standard for granting preliminary injunctive relief is applicable in the case herein.

3

B. Relief Requested

Prior to analyzing the Motion under the federal preliminary injunction standard, the Court examines whether it may properly grant Plaintiffs the requested relief of enjoining the sale and transfer of the Montana Property. It is well established that the freezing of a defendant's asset prior to trial is improper in a case seeking only legal relief in the form of money damages. Rosen v. Cascade Int'l, Inc., 21 F. 3d 1520, 1527 (11th Cir. 1994) (holding that a court may not "freeze[] [defendant's] assets so that funds will be available with which to satisfy any money judgment that ultimately might be rendered at the conclusion of the litigation."); Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc., 14 F.3d 1507, 1521 (11th Cir.1994) quoting In re Fredeman Litig., 843 F.2d 821, 824 (5th Cir.1988) ("the general federal rule of equity is that a court may not reach a defendant's assets unrelated to the underlying litigation and freeze them so that they may be preserved to satisfy a potential money judgment.")

Here, however, Plaintiffs seek a remedy of disgorgement of the ill-gotten gains obtained from Defendants' involvement in the alleged Ponzi scheme. (See Complaint [1] at 106-107.) When a party seeks such equitable relief, the

4

court may order a freeze of assets in order to satisfy a potential judgment. S.E.C. v. ETS Payphones, Inc., 408 F.3d 727, 734-735 (11th Cir. 2005) (stating that, "the asset freeze is justified as a means of preserving funds for the equitable remedy of disgorgment."); see also Levi Strauss & Co. v. Sunrise Intern. Trading, Inc., 51 F.3d 982, 988 (11th Cir. 1995) ("A request for equitable relief invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief.")  The fact that Plaintiffs have additionally requested monetary damages does not bar the Court from granting such relief. ETS Payphones, 408 F.3d at 734-735 ("We do not believe that the inclusion of a claim for civil penalty damages makes the remedies sought wholly legal and not equitable.")

In exercising such equitable powers, the Court must examine the relationship between the asset and the conduct.  While Plaintiffs argue that the Court may freeze all assets, even those wholly unrelated to the alleged activity (Dkt. No. [29] at 19), the law suggests otherwise.  In Levi Strauss, a case cited by Plaintiffs for this proposition, the court specifically abstained from determining whether a district court may freeze assets untraced to illegal

5

activity. 51 F.3d at 987 ("We need not resolve this question because appellants have not asked the district court to exempt any particular assets from the freeze on the ground that they were not linked to the profits of allegedly illegal activity.")  Further, in ETS Payphones, Inc., another source cited by Plaintiffs, the court assumed that all the defendant's gains were acquired through fraud and subject to the disgorgement order. 408 F.3d at 735.  The court subsequently required the plaintiff to demonstrate a relationship between the value of the property sought to be frozen and the value of the property that the plaintiff was seeking to recover in equity. Id. at 735-736.  Prior to enjoining the Defendants from liquidating the Montana Property, the Court must establish a connection between the asset and the alleged conduct. See Commodity Futures Trading Commission v. Sidoti, 178 F.3d 1132 (11th Cir. 1999) (citing SEC v. First City Fin. Corp., 890 F.2d 1215, 1231 (D.C. Cir. 1989) ("Since disgorgement primarily serves to prevent unjust enrichment, the court may exercise its equitable power only over properly causally related to the wrongdoing . . . Disgorgement may not be used punitively.")  Here, Plaintiffs have not demonstrated a sufficient connection between the Montana Property and any illegal conduct.  Evidence that Defendant Robert Copeland served as

6

an intermediary in connection with Defendant Redfearn's purchase of the Property and paid Defendants Stephens and Redfean commissions for their alleged participation in the fraud does not establish that the Montana Property was acquired or maintained through illegal gains. This evidence alone does not establish a causal link to the wrongdoing such that it would justify the Court's freezing of the asset. Accordingly, Plaintiffs' request that the Court enjoin Defendants John E. Redfearn, III and Robert Patrick Stevens from liquidating real estate in Montana during the pendency of the above captioned litigation is **DENIED**.[1]

## Conclusion

Based on the foregoing, Plaintiffs' Emergency Motion for Preliminary Injunction [22] is **DENIED**.

**SO ORDERED** this  22nd  day of July, 2009.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

[1] Given this conclusion, the Court need not determine whether Plaintiffs have met the requirements under the federal standard for preliminary injunction.

7

AO 72A
(Rev.8/82)